UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    **v.**                                                Case No. 05-cr-95-PB

<u>Cushaw Barnett</u>

**O R D E R**

Cushaw Barnett has filed a motion seeking to void his criminal conviction.  He argues that the conviction is void because the court that accepted his guilty plea lacked subject matter jurisdiction.

Barnett cites 18 U.S.C. § 3238, which specifies the place where offenses committed outside of the jurisdiction of the United States may be tried.  His argument appears to be that because federal law provides for a federal district court trial of offenses committed outside of the jurisdiction of any state, the court necessarily lacks jurisdiction over offenses committed within the jurisdiction of any state.  He then reasons that his federal conviction is void because he committed his offense in New Hampshire.

Barnett's argument fails for several reasons.  First, the statute Barnett cites is a venue provision.  It does not purport

to deprive the federal court of jurisdiction over crimes committed within a state's jurisdictional boundaries. More importantly, Barnett overlooks 28 U.S.C. § 3231, which gives federal district courts exclusive jurisdiction over "all offenses against the laws of the United States." Finally, to the extent that Barnett is challenging venue rather than subject matter jurisdiction, he overlooks Fed. R. Crim. P. 18, which specifies that "unless a statute or these rules permit otherwise, the government must prosecute the offense in a district where the offense was committed." Taken together, these provisions clearly give both subject matter jurisdiction and venue to the federal district court where the offense was committed. Because Barnett committed his offense in this district, the court had both subject matter jurisdiction and venue to accept his guilty plea.

Barnett's motion to void judgment (Doc. No. 88) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 2, 2010

cc: Cushaw Barnett, pro se
    Jeffrey S. Levin, Esq.
    Debra M. Walsh, Esq.
    United States Marshal
    United States Probation